UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CADLEROCK JOINT VENTURE, L.P.,

        Plaintiff,
  -against-                                       **MEMORANDUM AND ORDER**
                                                        Case No. 08-CV-3331 (FB)
TERRY-ANN LYNCH

        Defendant.
-----------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                              *For the Defendant*:
STEVEN VLOCK, ESQ.                  TERRY-ANN LYNCH, *pro se*
STEVEN PAUL GIORDANO, ESQ.     265 Fernside Place
Vlock & Associates, P.C.                Far Rockaway, NY 11691
230 Park Avenue
New York, NY 10169

**BLOCK, Senior District Judge:**

        Defendant Terry-Ann Lynch, appearing pro se, moves to vacate the judgment entered against her and stay the income execution pursuant to which her wages are being garnished.

        Plaintiff Cadlerock Joint Venture, L.P. ("Cadlerock") commenced this action seeking recovery under a promissory note on August 15, 2008. The Court entered a default judgment against Lynch on October 24, 2008, with damages to be determined. In May 2009, Lynch sought vacatur of the default on the grounds that she had been improperly served. The Court held a hearing during which Lynch recalled that she had been served and she acknowledged her debt. On June 8, 2009, the Court denied her motion and affirmed the magistrate judge's recommendation that it enter judgment in favor of Cadlerock for $116,622.22, plus $27.44 per diem from April 28, 2009 to the date final judgment was entered. The Court stayed enforcement and accrual of post-judgment interest for 60 days to allow Lynch to pursue any claims of mortgage loan fraud with the New York State Attorney General's Office. There is no indication in the record that she did so and judgment was entered against her on September 28, 2009.

Cadlerock docketed this Court's judgment of $120,902.86 in Queens County Supreme Court on March 8, 2010. It subsequently served an income execution dated March 7, 2011. Shortly after, on March 31, 2011, Lynch filed the motion now before the Court.

The sole argument Lynch raises is that garnishment of her wages is an inappropriate remedy – she asserts that because her home was collateral on the loan, the only remedy available to Cadlerock is a lien on the property. This action, however, was based on a promissory note and Cadlerock, at this juncture, is simply exercising its statutory right to enforce the money judgment entered against defendant. *See* CPLR 5231.

The motion is denied.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 29, 2011